| | |
|---|---|
| LOANCARE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 2018-108 |
| | ) |
| YVONNE THOMAS-BARRY and JUDY P. HUSBANDS | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**APPEARANCES:**

**Matthew Reinhardt**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
    *For LoanCare, LLC.*

## JUDGMENT

**GÓMEZ, J.**

Before the Court is the motion of LoanCare, LLC, for default judgment.

## I.    FACTUAL AND PROCEDURAL HISTORY

Having reviewed the record, the Court makes the following findings of fact:

1. Yvonne Thomas-Barry ("Thomas-Barry") is the record owner of property described as

> Unit No. A-1 of Water Bay Village Condominium, a condominium according to the Declaration of Condominium dated October 7, 1991, recorded October 10, 1991 in the Office of the Recorder of Deeds, Office of the Lieutenant Governor, St. Thomas and St. John, Virgin Islands, at Book 38-D,

Page No. 290, Document No. 1096, located on Parcel Nos. 98-8-1A, 98-8-1B and 98-8-1C Estate Smith Bay, Nos. 1, 2 and 3 East End Quarter, St. Thomas, Virgin Islands, establishing a plan of condominium ownership of Water Bay Village Condominium (Hereinafter Called "Declaration"), as amended by First Amendment to Declaration dated October 18, 1991 recorded in Book 38-F, Page 99, Sub. No. 1166; as further amended by second First Amendment to Declaration dated November 19, 1991 and recorded on November 21, 1991 in Book 38-I, Page 368, Doc. No. 1265 and by Second Amendment to Declaration date March 10, 1992 and recorded on April 7, 1992 and Book 38-X, Page 60, Doc. No. 364, and as may be amended and expanded from time to time. The land on which the buildings are located is described as Parcel Nos. 98-8-1A, 98-8-1B and 98-8-1C Estate Smith Bay, Nos. 1, 2 and 3 East End Quarter, St. Thomas, Virgin Islands, together with an undivided percentage interest in the common elements declared in said Declaration of Condominium to be appurtenant to the above described condominium unit.

(the "Property"). *See* Mortgage at 12, ECF No. 32-3.

2. Thomas-Barry is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. On or about March 24, 2011, Thomas-Barry borrowed $140,000 from Flagstar Bank, FSB ("Flagstar").

4. On March 24, 2011, Thomas-Barry executed and delivered a promissory note (the "Note") to Flagstar in which she promised to pay Flagstar the principal sum of $140,000, plus interest at a rate of 5.375% per annum in monthly installments.

5. The Note provides that Thomas-Barry will be in default by failing to pay an installment. In the event of default, the Note holder may elect to send Thomas-Barry a notice of default requiring Thomas-Barry to pay the overdue amount by a date at least 30 days after the notice of default is sent. If Thomas-Barry does not pay the overdue amount by the date set by the notice of default, at the election of the Note holder, the Note will be become due and payable in its entirety.

6. On March 24, 2011, Thomas-Barry delivered to Flagstar a real estate mortgage (the "Mortgage") encumbering the Property and securing the Note. The Mortgage is attached to the Property. Pursuant to the Mortgage, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Flagstar and Flagstar's successors and assigns, is the mortgagee. MERS has the right to foreclose on the Property in the event of a default on the Note.

7. On March 24, 2011, the Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2011002008.

8. On or about March 24, 2011, Thomas-Barry also borrowed $26,250 from Judy P. Husbands ("Husbands"). On March 24,

2011, Thomas-Barry executed and delivered a promissory note (the "Husbands Note") to Husbands in which she promised to pay Husbands the principal sum of $26,250 plus interest. On the same date, Thomas-Barry delivered to Husbands a real estate mortgage (the "Husbands Mortgage") encumbering the Property and securing the Husbands Note. The Husbands Mortgage is attached to the Property. On March 24, 2011, the Husbands Mortgage was recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2011002009.

9. Husbands is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

10. On or about April 1, 2017, Thomas-Barry failed to pay an installment on the Note when it became due. Thomas-Barry has failed to pay all subsequent payments.

11. On January 12, 2018, Ditech Financial, LLC ("Ditech Financial"), as servicer of the Mortgage, sent notice of default to Thomas-Barry at her mailing address as well as the Property. The notice of default provided that Thomas-Barry had until February 16, 2018, to pay the full amount of the default.

12. Thomas-Barry made no further payments on the Note.

13. On July 31, 2018, MERS, as nominee for Flagstar, assigned the Note and the Mortgage to Ditech Financial by a Corporate Assignment of Mortgage. That assignment was recorded on August 17, 2018, at the Office of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2018006527.

14. On December 19, 2018, Ditech Financial initiated this action against Thomas-Barry to enforce the terms and conditions of the Note and Mortgage. In its complaint, Ditech Financial declared the entire amount of indebtedness due and payable immediately.

15. On March 27, 2019, Ditech Financial filed proof of service on Thomas-Barry on the Court's docket. On April 17, 2019, Ditech Financial filed proof of service on Husbands on the Court's docket.

16. Thomas-Barry and Husbands have not filed their answers to the complaint or otherwise appeared in this action. On May 28, 2019, the Clerk of Court entered default against Thomas-Barry and Husbands.

17. On August 13, 2019, Ditech Financial assigned the Note and the Mortgage to LoanCare, LLC ("LoanCare"). That assignment was recorded on August 30, 2019, at the Office

of the Recorder of Deeds for the District of St. Thomas and St. John as Document No. 2019005955.

18. On October 23, 2019, Ditech Financial moved to substitute LoanCare as the proper party-plaintiff pursuant to Federal Rule of Civil Procedure 25.

19. On October 30, 2019, the Magistrate Judge granted Ditech Financial's motion to substitute LoanCare as plaintiff.

20. On November 20, 2019, LoanCare moved for entry of default judgment.

21. Thomas-Barry is in default on the Note. As of September 12, 2019, Thomas-Barry is in debt to LoanCare in the principal amount of $126,881.20; plus interest on the Note in the amount of $17,225.13; escrow in the amount of $14,397.50; accumulated late charges in the amount of $705.60; and recoverable balance in the amount of $3,121. Interest continues to accrue on the Note in the amount of $18.65 per diem. As of September 12, 2019, the total amount of Thomas-Barry's indebtedness to LoanCare under the Note is $162,360.43.

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v.*

*V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III. <u>ANALYSIS</u>

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The

facts found by the Court establish each of the elements for a debt and foreclosure claim.

The premises considered, it is hereby

**ORDERED** that the motion of LoanCare for default judgment docketed at ECF No 31 is **GRANTED**; it is further

**ORDERED** that LoanCare shall recover from Thomas-Barry the principal amount of $126,881.20; plus interest on the Note in the amount of $17,225.13; escrow in the amount of $14,397.50; accumulated late charges in the amount of $705.60; and recoverable balance in the amount of $3,121. Interest continues to accrue on the Note in the amount of $18.65 per diem from September 12, 2019, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the Mortgage, and any liens on the Property subsequent to the recording of the First Mortgage are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code.

Second, the proceeds of such sale shall be applied toward satisfaction of this Judgment in favor of LoanCare, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by LoanCare for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Third, the proceeds of such sale shall be applied toward the satisfaction of such liens as required by Virgin Islands law. Pursuant to Title 5, Section 489(5) of the Virgin Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. LoanCare may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

    d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

    e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. LoanCare shall have any and all writs necessary to execute the terms of this Judgment.

4. Thomas-Barry shall be liable to LoanCare for any

deficiency remaining after the sale of the Property; it is

further

**ORDERED** that the trial setting in this matter is **VACATED;**

it is further

**ORDERED** that all pending motions are **MOOT;** and it is

further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.


S\_____
          **Curtis V. Gómez**
          **District Judge**